**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW Q. RIPPENTROP, | No. 08-35800 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00076-RFC |
| v. | |
| E.H. OFTEDAL & SONS, INCORPORATED EMPLOYEE STOCK OWNERSHIP PLAN; E.H. OFTEDAL & SONS, INCORPORATED, | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted October 16, 2009
Seattle, Washington

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Larry A. Burns, United States District Court Judge for
the Southern District of California, sitting by designation.

Appellant Matthew Q. Rippentrop (Rippentrop) challenges the district court's summary judgment in favor of Appellees E.H. Oftedal & Sons, Inc. Employee Stock Ownership Plan (Plan) and E.H. Oftedal & Sons, Inc. (Oftedal). The district court rejected Rippentrop's challenge to Oftedal's denial of his benefits claim pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

Because the Plan conferred discretionary authority upon Oftedal to determine eligibility for benefits, Oftedal's decision to deny benefits is reviewed for an abuse of discretion. *See Nolan v. Heald Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009). Contrary to Rippentrop's assertion, Oftedal's structural conflict of interest does not compel application of a *de novo* review standard. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc) ("Abuse of discretion review applies to a discretion-granting plan *even if the administrator has a conflict of interest*") (emphasis added) (footnote reference omitted). Rather, Oftedal's conflict of interest is weighed as a factor in the abuse of discretion analysis. *See id.* at 966-69. In this case, the district court properly "temper[ed] the abuse of discretion standard with skepticism commensurate with the conflict." *Nolan*, 551 F.3d at 1153 (citation and internal quotation marks omitted).

The governing regulations provide that "a plan shall determine hours of service from records of hours worked *and* hours for which payment is made or due. . ." 29 C.F.R. § 2530.200b-3(a) (emphasis added). Alternatively, a plan may use "an equivalency" method to determine hours of service. *Id.* Equivalency methods may be used even if records of hours are maintained, provided that the plan sets forth the equivalency method to be used. *See* C.F.R. § 2530.200b-3(c)(1). Accordingly, the district court did not err when it concluded that applying the 45-Hour equivalency method to calculate Rippentrop's hours of service was reasonably within Oftedal's discretion.

**AFFIRMED.**

3